**Exhibit A**

**United States Department of Agriculture**



Food and Nutrition Service

Retailer and Issuance Policy and Innovation Division

Administrative and Judicial Review Branch

1320 Braddock Place, Room 5042 Alexandria, VA 22314

David.Shively @usda.gov

March 17, 2026

Gady Alaoui, Attorney
11015 E 10 Mile Road
Warren, MI 48089-1811

RE:    Boff's Market Llc
       11015 E 10 Mile Rd
       Warren, MI 48089-18

Dear Counselor:

Enclosed is the Final Agency Decision of the U.S. Department of Agriculture, Food and Nutrition Service in response to your July 1, 2024 request for administrative review. Also included is a statement regarding applicable rights to a judicial review.

The U.S. Department of Agriculture, Food and Nutrition Service finds that there is sufficient evidence to support the determination by the Office of Retailer Operations and Compliance to impose a six-month disqualification against Boff's Market LLC from participating as an authorized retailer in the Supplemental Nutrition Assistance Program.

Sincerely,

DAVID A. SHIVELY
Administrative Review Officer

Enclosure: Final Agency Decision

USDA is an Equal Opportunity Provider, Employer and Lender.

**U.S. Department of Agriculture**
**Food and Nutrition Service**
**Administrative Review Branch**

**Boff's Market LLC,**

**Appellant,**

**v.**

**Office of Retailer Operations and**
**Compliance,**

**Respondent.**

**Case Number: C0277674**

## FINAL AGENCY DECISION

The U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS) finds that there is sufficient evidence to support the determination by the Office of Retailer Operations and Compliance to impose a six-month disqualification against Boff's Market LLC ("Appellant") from participating as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP).

## ISSUE

The purpose of this review is to determine whether the Office of Retailer Operations and Compliance took appropriate action, consistent with Title 7 of Code of Federal Regulations (CFR) § 278.6(e)(5) in its administration of SNAP when it imposed a six-month period of disqualification against Appellant on June 25, 2024.

## AUTHORITY

According to 7 U.S.C. § 2023 and its implementing regulations at 7 CFR § 279.1, "A food retailer or wholesale food concern aggrieved by administrative action under § 278.1, § 278.6 or § 278.7 . . . may . . . file a written request for review of the administrative action with FNS."

## CASE CHRONOLOGY

USDA conducted an investigation of Appellant's compliance with federal SNAP law and regulations. The investigation reported that personnel at Appellant accepted SNAP benefits in exchange for one or more ineligible items. Each ineligible item sold during these impermissible transactions are best described in regulatory terms as "common nonfood items." As a result of evidence compiled from this investigation, the Office of Retailer Operations and Compliance informed Appellant, in a letter dated April 19, 2024, that the firm was charged with violating the terms and conditions of the SNAP regulations, 7 CFR § 278.2(a). The letter states, in part, that

1

the violations ". . . warrant a disqualification period of six months (Section 278.6(e)(5)). Under certain conditions, FNS may impose a civil money penalty (CMP) in lieu of a disqualification (Section 278.6(f)(1))."

The record reflects that the ROC considered any information provided by Appellant prior to making a determination. The ROC determined that Appellant's contentions, if any, did not outweigh the evidence that the store permitted the sale of impermissible items.

The Office of Retailer Operations and Compliance notified Appellant in a letter dated June 25, 2024 that the firm was being disqualified for six months from participation as an authorized retailer in SNAP. This determination letter also stated that Appellant's eligibility for a hardship civil money penalty (CMP) according to the terms of Section 278.6(f)(1) of the SNAP regulations was considered. However, the letter stated to Appellant that ". . . you are not eligible for the CMP because there are other authorized retail stores in the area selling as large a variety of staple foods at comparable prices."

On July 1, 2024, Appellant appealed the Office of Retailer Operations and Compliance's decision to impose a six-month disqualification and requested an administrative review of the action. The appeal was granted and implementation of the sanction has been on hold pending completion of this review.

## STANDARD OF REVIEW

In an appeal of an adverse action, Appellant bears the burden of proving by a preponderance of evidence that the administrative action should be reversed. That means Appellant has the burden of providing relevant evidence that a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the argument asserted is more likely to be true than untrue.

## CONTROLLING LAW

The controlling law in this matter is contained in the Food and Nutrition Act of 2008, as amended (7 U.S.C. § 2021), and implemented through regulation under Title 7 CFR Part 278. In particular, 7 CFR § 278.6(a) and (e)(5) establish the authority upon which a six-month disqualification may be imposed against a retail food store or wholesale food concern.

Section 278.6(e)(5) of the SNAP regulations states, in part, when a firm is to be disqualified for six months:

> If it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management.

7 CFR § 278.6(a) states, in part:

2

> FNS may disqualify any authorized retail food store . . . if the firm fails to comply with the Food and Nutrition Act of 2008, as amended, or this part. Such disqualification shall result from a finding of a violation on the basis of evidence that may include facts established through on-site investigations, inconsistent redemption data, evidence obtained through a transaction report under an electronic benefit transfer system . . . .

## APPELLANT'S CONTENTIONS

Appellant's responses regarding this matter are essentially as follows:

- Appellant stated that it is difficult to find good employees.
- Clerks made a mistake.
- The owner stated that they have held meetings with all of the employees and conducted SNAP refresher training and posted signs at the registers.
- The owner stated that this is their livelihood and a six-month disqualification would pose a hardship to the business.
- Appellant assures that this will never happen again.
- Appellant requests leniency.
- A six-month disqualification would pose a hardship to the business.
- A six-month disqualification would pose a hardship to SNAP participants who rely on the store.

These explanations may represent only a brief summary of Appellant's contentions. However, in reaching a decision, full consideration has been given to all contentions presented, including any others that have not been specifically listed here.

## ANALYSIS AND FINDINGS

Appellant contends that it is difficult to find good employees and the clerks made mistakes. Appellant contends clerks were trained in the proper handling of SNAP transactions. Ownership bears the responsibility for clerks who permit impermissible SNAP transactions. When ownership signed the FNS application to become a SNAP authorized retailer, this included a certification and confirmation that Appellant would "accept responsibility on behalf of the firm for violations of the SNAP regulations, including those committed by any of the firm's employees, paid or unpaid, new, full-time or part-time." The violations listed on this certification document include selling ineligible non-food items. Regardless of whom the ownership of a store may use to handle store business, ownership is accountable for the proper handling of SNAP benefit transactions.

This review is limited to considering the circumstances at the time the Office of Retailer Operations and Compliance's decision was made. It is not within this review's scope to consider actions that Appellant may have taken subsequent to this decision to begin to comply with program requirements. There is no provision in SNAP regulations for reducing an administrative penalty on the basis of corrective actions implemented subsequent to investigative findings of program violations. Therefore, Appellant's staff retraining, posting signs at registers and

3

assurances that the problem will not recur, while positive steps, do not provide any valid basis for dismissing the charges or for mitigating the penalty imposed.

Appellant requests leniency. The investigation report shows that store personnel permitted the sale of one or more nonfood items. A clerk(s) who frequently permits the purchase of ineligible items with SNAP benefits is in need of training and supervision. Repeatedly entrusting such a clerk(s) to work unsupervised and handle SNAP benefits is reasonably viewed as careless or the exercise of poor supervision. Accordingly, the Office of Retailer Operations and Compliance attributed violations to "carelessness or poor supervision by the firm's ownership or management," pursuant to 7 CFR § 278.6(e)(5) of the SNAP regulations, which results in a disqualification of six months. This penalty is only permitted if the firm has not been previously sanctioned. Therefore, a six-month disqualification for the violations committed, the minimum, is the appropriate sanction in this case.

**No Undue Hardship to Appellant**

Appellant maintains that disqualification would pose an extreme hardship to the firm. Economic hardship is a likely consequence whenever a store is disqualified from SNAP participation. However, there is no provision in the SNAP regulations for reducing an administrative penalty on the basis of possible economic hardship to the firm resulting from such a penalty. To excuse Appellant from an assessed administrative penalty based on purported economic hardship would render the enforcement provisions of the Food and Nutrition Act of 2008 and the enforcement efforts of the USDA virtually meaningless.

Moreover, giving special consideration to the firm for economic hardship would forsake fairness and equity to competing stores and other participating retailers who are complying fully with program regulations, and also to those retailers who have been disqualified from the program in the past for similar violations. Therefore, Appellant's contention that it will incur economic hardship due to an administrative penalty does not provide any valid basis for dismissing the charges or for mitigating the penalty imposed.

**Investigative Record**

Based on a review of the evidence, it appears that the program violations at issue occurred as charged. As noted previously, the charges of violations are based on the findings of a formal USDA investigation. All transactions cited in the letter of charges were conducted under the supervision of a USDA investigator and all are fully documented. The investigative record is specific and accurate with regard to the dates of the violations, the specific ineligible merchandise sold in exchange for SNAP benefits, and in all other critically pertinent detail.

**CIVIL MONEY PENALTY**

Appellant requested a fine in lieu of the six-month disqualification. A CMP as an optional penalty in lieu of a six-month disqualification was considered in this case. Such a finding is appropriate only if: 1) a store sells a substantial variety of staple food items, and; 2) its disqualification would create a hardship to SNAP households because there is no other

4

authorized retail food store in the area selling as large a variety of staple food items at comparable prices.

In this regard, some degree of inconvenience to SNAP benefit users is inherent in the disqualification from SNAP of any participating food store since the normal shopping pattern of such SNAP benefit holders may temporarily be altered during that period. In this case, however, the Office of Retailer Operations and Compliance has rendered a finding pursuant to 7 CFR § 278.6(f) that it would not be appropriate to impose a CMP in lieu of a period of disqualification. The Office of Retailer Operations and Compliance has determined that Appellant is not the only authorized retail food store in the area "selling as large a variety of staple food items at comparable prices." The Retailer Operations and Compliance notes that the FNS SNAP retailer database shows other one or more larger stores located nearby. These larger store(s) are easily accessible to customers and offer a variety and quality of staple foods comparable to, or better than, those offered by Appellant. Appellant does not carry any unique items or foods that cannot be found at other stores. Therefore, the earlier determination that Appellant's disqualification would not create a hardship to customers, as differentiated from potential inconvenience, is sustained, and a CMP in lieu of disqualification is not appropriate in this case.

## CONCLUSION

Based on the discussion above, the determination by the Office of Retailer Operations and Compliance to impose a disqualification of six months against Boff's Market LLC from participating as an authorized retailer in SNAP is sustained.

In accordance with the Food and Nutrition Act, and the regulations thereunder, this penalty shall become effective thirty (30) days after delivery of this letter. A new application for participation in SNAP may be submitted ten (10) days prior to the expiration of the six-month disqualification period.

**RIGHTS AND REMEDIES**

Applicable rights to a judicial review of this decision are set forth in 7 U.S.C. § 2023 and 7 CFR § 279.7. If Appellant desires a judicial review, the complaint must be filed in the U.S. District Court for the district in which Appellant's owner resides, is engaged in business, or in any court of record of the State having competent jurisdiction. This complaint, naming the United States as the defendant, must be filed within thirty (30) days of delivery of this decision. The judicial filing deadline is stipulated by statute; FNS has no authority to grant an extension.

Under the Freedom of Information Act, we are releasing this information in a redacted format as appropriate. FNS will protect, to the extent provided by law, personal information that could constitute an unwarranted invasion of privacy.

DAVID A. SHIVELY                                            March 17, 2026
ADMINISTRATIVE REVIEW OFFICER

6

## LaJeana Deane

**Subject:**                      FW: Boffs Market_C0277674_Final Agency Decision
**Attachments:**            Boffs Market_C0277674_Sust DecNo14_03162026_das.pdf

---------- Forwarded message ---------
From: **SM.FN.SNAP-ARB** <SM.fn.SNAP-ARB@usda.gov>
Date: Thu, Mar 19, 2026 at 10:31 AM
Subject: Boffs Market_C0277674_Final Agency Decision
To: BOFFSMARKET19@GMAIL.COM <BOFFSMARKET19@gmail.com>,
alaouigady@gmail.com <alaouigady@gmail.com>

Hello,

USDA has completed its administrative review of your case. Please see the attached Final Agency Decision (FAD) for full details. For our records and for potential judicial review purposes, an e-mail delivery receipt feature is being used to confirm delivery of the FAD. If the adverse action against your store has been sustained, the 30-day clock for filing a request for a judicial review will begin on the day the FAD has been delivered to your e-mail mailbox.

Thank you,

Administrative and Judicial Review Branch
Retailer Policy Division
Supplemental Nutrition Assistance Program

 **U.S. DEPARTMENT OF AGRICULTURE**

Food and Nutrition Service
1320 Braddock Place

Alexandria, VA 22314
SM.FN.SNAP-ARB@usda.gov

1

This electronic message contains information generated by the USDA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the law and subject the violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and delete the email immediately.

2